IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ANDRE DAVIS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:08cv98 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Andre Davis, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Davis was convicted of possession of a firearm by a felon on December 20, 2004, receiving a sentence of 188 months in prison. He took a direct appeal of his conviction, arguing that the district court erred in enhancing his sentence because his prior robbery convictions did not constitute "violent felonies" under the Armed Career Criminal Act, and that the district court violated the Sixth Amendment by relying on the pre-sentence investigation report and the evidence of his prior convictions to determine that these convictions were violent offenses and had been committed on different occasions from one another. Davis' conviction was affirmed by the Fifth Circuit on direct appeal. U.S. v. Davis, 487 F.3d 282 (5th Cir. 2007).

In his Section 2255 motion, Davis complained that he received ineffective assistance of counsel because his attorney did not familiarize himself with the laws governing federal sentencing with regard to concurrence of his state and federal sentences, the district court failed to treat his prior convictions properly in assessing his criminal history points, his prior convictions were not violent

1

felonies under the Armed Career Criminal Act, and these prior convictions were never presented to a jury nor proven beyond a reasonable doubt.

The Magistrate Judge ordered the Government to answer, and Davis filed a response to the answer. On March 2, 2009, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. Davis filed objections to this Report on March 13, 2009.

In his objections, Davis says that his complaints concerning the alleged misapplication of the sentencing guidelines are cognizable because he was prevented from raising them due to ineffective assistance of counsel on appeal. He notes that in U.S. v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999), the Fifth Circuit held that while sentencing guideline errors could not be raised in a Section 2255 proceeding, the failure to raise such errors on appeal could amount to ineffective assistance of counsel. In that case, the defendant's attorney failed to raise a recent controlling precedent which was directly on point and would have affected a sentence enhancement. The Court of Appeals observed that because no objection to the enhancement had been made at trial, it would have been reviewed for plain error on appeal, but plain error was evident because of the attorney's failure to cite recent controlling precedent. The Court noted as follows:

> Such directly controlling precedent is rare. Often, factual differences will make authority easily distinguishable, whether persuasively or not. In such cases, it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed. But failure to raise a discrete, purely legal issue, where the precedent could not be more pellucid and applicable, denies adequate representation.

Williamson, 183 F.3d at 463 n.7.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. Sharp v. Puckett, 930 F.2d 450, 453 (5th Cir. 1991), *citing* Strickland, 466 U.S. at 694. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. Sharp, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 764 (2000) (holding that the petitioner must first show that his appellate attorney was

objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also* Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000); Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001).

In Williamson, the appellant showed that he had received ineffective assistance of counsel on appeal because he pointed to issues and arguments of merit which could have been raised on appeal, in the form of a recent controlling precedent overlooked by his appellate attorney. Davis, by contrast, has made no such showing. Under U.S.S.G. §4A1.2, prior sentences imposed in related cases are to be treated as one sentence for purposes of that section of the Guidelines. The commentary explains that prior sentences are considered related if they resulted from offenses that occurred on the same occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing.

This section of the Guidelines was interpreted by the Fifth Circuit in U.S. v. Smith, 295 Fed.Appx. 611 (5th Cir., Jan. 3, 2007) (not selected for publication in the Federal Reporter). In that case, the defendant Charles Earl Smith was convicted of conspiracy to steal mail and two counts of aiding and abetting in the theft of mail. He had four prior convictions for forgery, which were committed on different dates, in different locations, against different individuals and banks, with different amounts. However, he was arrested for all four offenses on the same day, and received his sentence for all four offenses on the same date; this sentence was one year in jail on all four offenses, to be served concurrently.

Smith argued that these prior convictions should be considered as consolidated for purposes of the Guidelines, but the Fifth Circuit disagreed. The Fifth Circuit stated that there was no evidence that the crimes had been jointly planned or that commission of one would entail the commission of another, and that cases will not be deemed consolidated simply because the defendant was sentenced for each offense on the same day or received identical concurrent sentences. Smith, 295 Fed.Appx. at 615, *citing* United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999) (two drug possession

3

offenses occurring one week apart were not related even though the defendant was sentenced by the same judge on the same date and the sentences were concurrent).

In the present case, Davis had six prior convictions for robbery and one for theft. Each of the robberies and the theft took place on a different date, against different victims. The fact that Davis was convicted for five of the robberies on the same date and received concurrent sentences does not show that these offenses should be considered together; Davis fails to show that a formal consolidation order was entered by the trial court, and the pre-sentence investigation report makes clear that each of these causes carried a separate docket number.

As the Fifth Circuit made clear in Smith, the mere fact that Davis was sentenced for each of these offenses on the same day, and received a concurrent sentence, does not mean that he should not have received separate criminal history points for each crime. Thus, Davis has not shown that the failure to raise this issue on appeal amounted to ineffective assistance of counsel; he has not demonstrated that had counsel performed differently, there would have been raised issues of merit on appeal, nor that but for counsel's failure to raise this issue, the result of the proceeding would probably have been different. Davis' objection on this ground is without merit.

Next, Davis says that the sentencing transcript shows that he had been promised that his federal sentence would run concurrently with his state sentence. He argues that there was a discussion at sentencing about how he was 42 years old and would be 57 when his federal sentence was completed, and that the trial court said at the conclusion of sentencing that Davis was remanded to the custody of the Bureau of Prisons to begin his sentence; according to Davis, these statements show that a concurrent sentence was contemplated.

However, Davis overlooks the fact that at the time of his federal sentencing, he had not yet been convicted, much less sentenced, in state court, except for the parole term which he was already on. He states that *he* understood the comments to refer to whatever state sentences he had or would get, but as the Magistrate Judge observed, Davis offers nothing to show that anyone promised him that the federal sentence he was facing would run concurrently with any state sentence that he might

4

hypothetically receive in the future, on charges for which he had not even been convicted at the time of sentencing. No mention was made of concurrent sentences at either the plea proceeding or the sentencing.

In connection with sentencing claims, the Fifth Circuit has held that a mere understanding by the defendant that he will receive a lesser sentence in exchange for a guilty plea will not abrogate that plea should a heavier sentence actually be imposed. Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989). This includes a mistaken understanding by the defendant concerning the length of time to be served. DeVille v. Whitley, 21 F.3d at 658. Davis has not shown that anyone induced his guilty plea through a promise that his federal sentence would run concurrently with any state sentence he might receive in the future, and so his objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Movant Andre Davis is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this the 24 day of **March, 2009.**

_____
Thad Heartfield
United States District Judge